# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL GLOVER,**

        Plaintiff,

        -vs-                            Case No. 05-C-0238

**LARRY JENKINS,**

        Defendant.

## DECISION AND ORDER

        The plaintiff, Michael Glover, who was a state prisoner at all times relevant, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On March 18, 2005, he was granted leave to proceed *in forma pauperis* on a First Amendment retaliation claim. The defendant has filed a motion for summary judgment and a request to dismiss this action for failure to prosecute.

        On September 15, 2005, the defendant filed a motion for summary judgment. Then, on September 30, 2005, the court granted the plaintiff's request for an extension of time in which to file a response to the defendant's motion, and directed the plaintiff to file a response on or before December 26, 2005. Instead, on December 13, 2005, the plaintiff requested another extension of time to respond to the defendant's motion. The plaintiff was subsequently allowed until January 25, 2006, to file a response. When the plaintiff failed to timely respond to the defendant's motion, he was warned that failure to file a response on or before February 13, 2006, would result in dismissal of this action, without prejudice, for failure to prosecute. To date, no response has been filed.

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal for failure to prosecute an action or to comply with court orders. It is well settled that "the ultimate sanction of dismissal should be involved only in extreme situations, where there is a clear record of delay or contumacious conduct." *Rice v. City of Chicago*, 333 F.3d 780, 785-86 (7th Cir. 2003) (internal citations omitted); *see also, Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000) (a plaintiff's failure to respond that delays the litigation can be a basis for a dismissal for lack of prosecution). However, no case should be dismissed for failure to prosecute without a warning to the plaintiff, either explicitly or by making clear that no further extensions of time will be granted. *Bolt*, 227 F.3d at 856 (citing *Williams v. Chic. Bd. of Educ.*, 155 F.3d 853 (7th Cir. 1998)). Moreover, there is no requirement for district courts to impose graduated sanctions. *Rice*, 333 F.3d at 785 (citing *Ball v. City of Chicago*, 2 F.3d 752, 756 (7th Cir. 1993)).

Civil Local Rule 41.3 (E.D. Wis.), which governs dismissal for "lack of diligence," provides:

> Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action the Court may enter an order of dismissal with or without prejudice. Any party can petition for reinstatement of the action within 20 days.

A review of the docket in this case reveals that the defendant has invested significant time and resources in defending against this action. Indeed, more than eight months have passed since the defendant filed his motion for summary judgment. As discussed, the plaintiff was granted two extensions of time in which to file a response to the defendant's motion and he was warned that failure to respond could result in dismissal for failure to prosecute. In light of these facts, the court finds that dismissal is appropriate. The plaintiff is hereby notified that he can petition for reinstatement of this action within 20 days.

**ORDER**

**IT IS THEREFORE ORDERED** that this case is dismissed pursuant to Fed.R.Civ.P. 41(b) and Civil L.R. 41.3 (E.D. Wis.).

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** without prejudice.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 9th day of June, 2006.

        **SO ORDERED,**

        s/ Rudolph T. Randa
        **HON. RUDOLPH T. RANDA**
        **Chief Judge**

4